## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SHERI C. WHITMAN, )
                       )
            Plaintiff, )
                       )       1:05CV1118
    v. )
                       )
MICHAEL J. ASTRUE,[1] )
Commissioner of Social Security, )
                       )
            Defendant. )

**O-R-D-E-R**

On July 3, 2007, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. 636(b). Objections were received by the court within the time prescribed by the statute.[2]

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should, therefore, be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Defendant's objections address the decision to remand based on Defendant's failure to make an explicit finding at step one of the credibility analysis as dictated by Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). Defendant argues that an explicit step one finding is not required, citing Pittman v. Massanari, 141 F. Supp. 2d 601, 610 (W.D.N.C. 2001); Goodwin v. Halter, 140 F. Supp. 2d 602, 608 (W.D.N.C. 2001); Fulbright v. Apfel, 114 F. Supp. 2d 465, 477-78 (W.D.N.C. 2000); and Ketcher v. Apfel, 68 F. Supp. 2d 629, 651 (D. Md. 1999). The court notes that the first three cases cited (together with Freeman v. Halter, 141 F. Supp. 2d 592, 600 (W.D.N.C. 2001)), were all decided in a seven-month period by Magistrate Judge Horn using identical language; none of these cases directly addressed the language in Craig requiring the step-one finding. The fourth case cited by Defendant, Ketcher, does support his position, but a more recent Maryland case, Gavigan v. Barnhart, 261 F. Supp. 2d 334, 340 (D. Md. 2003), specifically held that "remand is appropriate because the ALJ did not perform the

The court hereby adopts the Magistrate Judge's Recommendation.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Commissioner's decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further proceedings as discussed in the Magistrate Judge's Recommendation. To this extent, Plaintiff's motion for summary judgment (Pleading No. 9) seeking a reversal of the Commissioner's decision is **GRANTED** and Defendant's Motion for Judgment on the Pleadings (Pleading No. 11) is **DENIED**.

*[signature]*
UNITED STATES DISTRICT JUDGE

DATE: September 14, 2007

---

required analysis at Step One," citing Craig, 76 F.3d at 596. Similar decisions were made by the Southern District of West Virginia. See Bradley v. Barnhart, 463 F. Supp. 2d 577, 582 (S.D. W. Va. 2006); Hill v. Commissioner, 49 F. Supp. 2d 865, 870 (S.D. W. Va. 1999).

Even if the Fourth Circuit had since softened Craig's mandatory language, this court would nonetheless feel compelled, on the facts of *this* case, to require an explicit finding at step one, as more fully explained in the Magistrate Judge's Recommendation. Unlike Perkins v. Apfel, 101 F. Supp. 2d 365, 373 (D. Md. 2000), this court does not find that the ALJ "provided substantial evidence to support his overall pain credibility determination that plaintiff's subjective complaints of pain were not entitled to full credibility."